UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DEC 18 2012

WADE W. BELOTE, and )
RHONDA H. BELOTE )
)
)
Plaintiffs, )
)
v. ) Civil Action No. 3:12CV526-JRS
)
BANK OF AMERICA, N.A., )
)
Defendant. )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant's Motion to Dismiss Plaintiffs' Amended Complaint[1] pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 8.) Plaintiffs Wade W. Belote and Rhonda H. Belote ("Plaintiffs" or "the Belotes") seek compensatory and punitive damages against Defendant Bank of America, N.A. ("Defendant" or "Bank of America") following the foreclosure of their home. The Court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials presently before the Court, and argument would not aid in the decisional process. E.D. Va. Loc. Civ. R. 7(J). For the reasons discussed below, Defendant's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

---

[1] On July 26, 2012, Defendant moved to dismiss Plaintiffs' Complaint for failure to state a claim (ECF No. 2). Plaintiffs amended their Complaint on August 16, 2012, and Defendant now moves to dismiss the Amended Complaint. The Court thus DENIES AS MOOT Defendant's Motion to Dismiss Plaintiff's original Complaint (ECF No. 2.)

1

# I. BACKGROUND

On November 4, 2005, Plaintiffs obtained a home mortgage loan from Resource Bank for property located in Hanover County, Virginia. The loan was evidenced by a Note and secured by a Deed of Trust. Resource Bank assigned the Note to Countrywide Bank, N.A., and Defendant became the Note holder. Upon the borrowers' default, Paragraph 6(C) of the Note entitles the Note holder to demand repayment of the full unpaid amount if the overdue payments are not made by a certain date, but requires that the Note holder first deliver or mail written notice to the borrowers. The notice must specify a date after which full repayment may be requested that is at least thirty (30) days after the mailing or delivery of the written notice. (*See* Am. Compl. Ex. A ¶ 6(C).) Similarly, in the event of borrower breach, Paragraph 22 of the Deed of Trust provides that the lender will give notice specifying the default, the actions needed to cure the default, a date by which the default must be cured, and an explanation that a failure to cure by the specified date may result in acceleration and the sale of the property. (*See* Am. Compl. Ex. B ¶ 22.) Paragraph 22 requires that the date by which the borrowers must cure the default be no less than thirty (30) days from the date the notice is given.

Upon finding that Plaintiffs' loan was "in serious default because the required payments have not been made," Defendant sent Plaintiffs a Notice of Intent to Accelerate letter ("Notice letter") dated December 13, 2010.[2] (Def.'s Mem. Law. Supp. Mot.

---

[2] Plaintiffs did not attach this notice letter to their Amended Complaint. However, the notice letter may properly be considered because it was referenced in, and is integral to, Plaintiffs' claim. (*See* Am. Compl. ¶ 10; Pl.'s Mem. Opp. Mot. Dismiss Am. Compl. ("Pl.'s Opp. Mem.") 8 n.1(acknowledging that Plaintiffs' claims in the Amended

2

Dismiss Am. Compl. ("Def.'s Supp. Mem.") Ex. A.) The notice letter informed Plaintiffs that the mortgage payments would be accelerated and that foreclosure proceedings would be initiated if the default was not cured on or before January 12, 2011. Plaintiffs allege that Wade Belote, an employee at Bank of America at the time, sought a modification of their loan from Defendant. Plaintiffs claim that Wade Belote was told by multiple Bank of America representatives on April 11, 2011 "that an effort would be made to see if Bank of America could help him." (Am. Compl. ¶ 31.) Wade Belote allegedly spoke by phone with four representatives on the evening of April 11, 2011, the last of which, Amber Zouren ("Zouren"), "assured [Wade] Belote that if the Belotes sent to Bank of America certain specified written information prior to the foreclosure sale (scheduled for 9:00 a.m. the next day), Bank of America would cancel the foreclosure sale." (Am. Compl. ¶ 32.) Plaintiffs claim that they faxed the specified documents to Bank of America that evening, and "believed there was no need to take any last minute desperate actions to seek some alternative means to stop the foreclosure." (Am. Compl. ¶¶ 36-37.)

Nonetheless, Plaintiffs assert that Defendant, through substitute trustee Samuel White ("White"), advertised the property for foreclosure on April 12, 2011. White

---

Complaint are based upon this December 2010 notice letter)). *See Am. Chiropractic Ass'n. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity") (internal quotations omitted) (citing *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). *See also Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). The Plaintiffs do not dispute the authenticity of the notice letter, and explicitly reference the letter in their brief opposing the instant Motion. (*See* Pl.'s Opp. Mem. 8 n.1.) Accordingly, the Court considers this letter, attached to Defendant's Memorandum in Support of its Motion as Exhibit A, for the purposes of the present Motion.

conducted a foreclosure sale of the property at or about 9:00 a.m. on April 12, 2011 on Defendant's behalf, and the Federal National Mortgage Association ("Fannie Mae") obtained title to the home. White signed a trustee's deed conveying title to Fannie Mae on May 6, 2011, and the trustee's deed was recorded with the Hanover County Clerk's Office on May 11, 2011. Fannie Mae has initiated an unlawful detainer case in the Circuit Court of Hanover County, Virginia. (Am. Compl. ¶ 22.)

Plaintiffs filed suit against Defendant in the Circuit Court of Hanover County, Virginia on June 7, 2012. Defendant filed Notice of Removal in this Court on July 19, 2012, arguing that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiffs amended their Complaint on August 16, 2012, asserting five claims against Defendant. Count One alleges that Defendant breached the Note and Deed of Trust by providing insufficient notice of Defendant's intent to accelerate the loan. Count Two alleges that that Defendant committed actual fraud by falsely representing that the foreclosure sale would be canceled if Plaintiffs submitted certain documents prior to the sale. Plaintiffs have abandoned their claim in Count Three alleging that the fraud claim in Count Two also constitutes a breach of contract. (*See* Pl.'s Opp. Memo 16.) Accordingly, Defendant's Motion to dismiss Count Three is hereby GRANTED. In alternative to Count Two, Count Four alleges that Defendant committed constructive fraud by stating that the foreclosure would be canceled upon Defendant's receipt of certain documents prior to the sale. Count Five alleges that Defendant breached the implied covenant of good faith and fair dealing. Defendant moves to dismiss each of Plaintiffs' remaining claims. This matter has been fully briefed and is ripe for review.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 545; *see id.* at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations,

*id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

Defendant argues for the dismissal of the Amended Complaint on the ground that Plaintiffs' claims each fail to state a claim for which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Defendant argues that the breach of contract claim in Count One should be dismissed because Plaintiffs fail to allege a material breach of contract. Defendant also argues that the claims for actual and constructive fraud in Counts Two and Four, respectively, should be dismissed because the purported misrepresentation by Amber Zouren was not of a material fact and was not a contractual agreement in compliance with the Virginia Statute of Frauds. Lastly, Defendant argues that the claim in Count Five for a breach of the implied covenant of good faith and fair dealing must be dismissed because this claim is based on Defendant's actions to enforce the Deed of Trust. The Court discusses below the sufficiency of each of Plaintiffs' claims.

### A. Count One: Breach of the Note and Deed of Trust

Plaintiffs allege that the notice letter did not comply with the Note and Deed of Trust firstly, because the letter was "back-dated" to appear timely, and secondly, because the letter "purported to require the Belotes to pay the next month's payment . . . as a condition of avoidance of acceleration and foreclosure." (Am. Compl. ¶ 10.) However, Plaintiffs' memorandum opposing the instant Motion makes only the first argument that the notice letter was "back-dated" (*See* P.'s Opp. Mem. 8.) Further, Plaintiffs' opposition brief cites a recent opinion in which this Court found, with respect to an identical note

and deed of trust, that "[r]equiring submission of the next regular monthly payment in order to cure default does not breach the agreement between the parties." (*See* P.'s Opp. Mem. 8 n.1)(citing *Matanic v. Wells Fargo Bank, N.A.*, No. 3:12CV472, 2012 U.S. Dist. LEXIS 134154, at *812 (E.D. Va. Sept. 19, 2012)). Accordingly, the Court assumes that Plaintiffs intend to withdraw the latter argument, and considers only Plaintiffs' argument that Defendant committed a breach by providing a "back-dated" notice of default.

A party alleging breach of contract under Virginia law must establish that the defendant owed plaintiff a legally enforceable obligation, the defendant violated that obligation, and the plaintiff suffered injury or damage as a result of the defendant's breach. *See Filak v. George*, 594 S.E. 2d 610, 614 (Va. 2004). Further, "[a] material breach is a failure to do something that is so fundamental to the contract that the failure to perform that obligation defeats an essential purpose of the contract." *Countryside Orthopaedics, P.C. v. Peyton*, 261 Va. 142, 154 (2001). "The essential purposes of a deed of trust are two-fold: to secure the lender-beneficiary's interest in the parcel it conveys and to protect the borrower from acceleration of the debt and foreclosure on the securing property prior to the fulfillment of the conditions precedent it imposes." *Mathews v. PHH Mortgage Corporation*, 283 Va. 723, 732 (2012).

In this case, Plaintiffs allege that Defendant did not provide thirty (30) days' notice, and accordingly, breached Paragraph 6(C) of the Note and Paragraph 22 of the Deed of Trust which require that the borrowers be given thirty days to cure any breach. Defendant admits that the letter informing Plaintiffs that their mortgage payments would be accelerated if the default was not cured by January 12, 2011 was not mailed until

December 14, 2010. Thirty (30) days prior to the January 12, 2011 acceleration date was December 13, 2010, thus, Defendant's notice letter provided only twenty-nine (29) days' notice.[3] Defendant argues that while "notice of a default and intent to accelerate is essential prior to foreclosure," its failure to provide the additional one day of notice is *de minimus* (Def.'s Mem. Supp. 9.) Plaintiffs do not allege that they attempted to cure the default on the thirtieth day but were prohibited from doing so. Rather, Defendant notes that the foreclosure sale did not actually take place until three (3) months after the acceleration date provided in the letter, on April 12, 2011. For these reasons, Defendant argues that Plaintiffs have not shown that the 29-day notice is a material breach.

This Court has previously dismissed breach of contract claims where the plaintiff alleged that the lender has deviated only slightly from the notice requirements of the Note or Deed of Trust. For instance, in *Cole v. GMAC Mortgage, LLC.*, 1:10CV848, 2011 U.S. Dist. LEXIS 101606 (E.D. Va. Sept. 7, 2011) (granting summary judgment to defendants), the borrowers alleged that the servicer of their loan had breached the Deed of Trust by providing written notice that did not use the exact language specified in the Deed of Trust to inform the borrowers of their rights to defend against the default. The Deed of Trust in *Cole* provided that the written notice of default "shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale . . . " *Cole*, 2011 U.S. Dist. LEXIS 101606, at *6. The notice that was actually

---

[3] Plaintiffs erroneously describe this notice as only twenty-seven days' notice in their opposition memorandum. (Pl.'s Opp. Mem. 9.)

provided to the borrowers in *Cole* stated that they had "the right to assert or defend the non-existence of a default and . . . may have other rights under state law . . . " *Id.* at *7. The Court held in *Cole* that this language in the notice letter materially complied with the Deed of Trust because it gave the borrowers reasonable notice of their right to assert a legal defense, even though the letter did not use the precise words "to bring a court action." *Id.* Similarly, in *Matanic v. Wells Fargo Bank, N.A.*, the Court found that there was no material breach where the language used in an acceleration letter to inform the borrower "of his rights in the event of foreclosure proceedings" differed slightly from the language used in the Deed of Trust, "but in effect was the functional equivalent." 2012 U.S. Dist. LEXIS 134154, at *15-17 (dismissing plaintiff's claim for breach of Note and Deed of Trust for failure to state a claim).

Nonetheless, *Cole* and *Matanic* both concerned a difference in form rather than substance, since each of the notice letters described the borrowers' substantive rights basically as outlined in the deeds of trust. The flaw in the notice letter at issue here, however, is not that the letter uses different language to describe the borrowers' rights, but rather that the letter actually changes a substantive right by giving the borrowers 29 rather than 30 days in which to cure the defect. While the Court is doubtful that Defendant's failure to provide an additional 1-days' notice defeated the essential purpose of the Deed of Trust, especially since Plaintiffs had an additional three months from the acceleration date in which they could have cured the default, the Court must find at this stage that Plaintiffs have sufficiently stated a claim for breach of contract.

Defendant's challenge to the materiality of the breach in this case would best be

9

addressed in a motion for summary judgment. *See Harrison v. U.S. Bank National Association*, 3:12CV224, 2012 U.S. Dist. LEXIS 85735, at *4 (E.D. Va. June 20, 2012) (holding that a borrower's claim that the defendant back-dated the notice of default and failed to provide 30-day notice was sufficient to survive a motion to dismiss but noting that "the alleged breach may be an appropriate issue for summary judgment"); *Bennett v. Bank of America, N.A.*, 3:12CV34, 2012 U.S. Dist. LEXIS 54725, at *18 (E.D. Va. April 18, 2012) (holding that a borrower's claim that he was given insufficient time to avoid acceleration raised a factual dispute to be reserved for summary judgment). For these reasons, Defendant's Motion to dismiss Count One is DENIED.

## B. Count Two: Fraud

A plaintiff alleging actual fraud under Virginia law must prove: (1) a false representation, (2) of a material fact, (3) that was made intentionally and knowingly, (4) with the intent to mislead, (5) reasonable reliance by the party misled, and (6) resulting damage to the party misled. *Cohn v. Knowledge Connections, Inc.*, 266 Va. 362, 367 (2003). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). These circumstances include "the time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what he obtained thereby." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal quotations omitted). "Because fraud must involve a misrepresentation of a present or a pre-existing fact, fraud ordinarily cannot be predicated on unfulfilled promises or statements regarding future events . . . Nevertheless, if a defendant makes a promise that,

10

when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud." *SuperValu, Inc. v. Johnson*, 276 Va. 356, 367-68 (2008). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

In this case, Plaintiffs have pled actual fraud with sufficient particularity. Plaintiffs allege that, on April 11, 2011 around 7:00 to 7:30 p.m., Bank of America representative Zouren "assured Belote that if the Belotes sent to Bank of America certain specified written information prior to the foreclosure sale (scheduled for 9:00 a.m. the next day), Bank of America would cancel the foreclosure sale." (Am. Compl. ¶ 32.) Plaintiffs claim that on "[t]hat same night, April 11, 2011, the Belotes, at some considerable inconvenience and some small expense, sent by facsimile to Bank of America all of the documents which Zouren had stated they needed to send for the foreclosure of the home the next day to be stopped." (Am. Compl. ¶ 37.) However, Plaintiffs assert that White, as an agent of Bank of America, conducted the foreclosure sale of the home at or about 9:00 a.m. on April 12, 2011.

Plaintiffs contend that Zouren's alleged statement was an intentionally false representation of a material fact because Defendant intended to proceed with the foreclosure sale regardless of whether or not the Belotes submitted the specified documents. *See Albayero v. Wells Fargo Bank, N.A.*, 3:11CV201, 2011 U.S. Dist. LEXIS 114974, at *13(E.D. Va. Oct. 5, 2011) (holding that the defendant's statement that the home would be taken out of foreclosure if the borrower immediately paid $8,000 "qualifies as [a statement] of material fact because Plaintiffs sufficiently allege that

11

Defendants made the statement intending not to perform.") Plaintiffs further claim that they relied on Zouren's alleged assurances and, believing that they had taken the necessary steps to prevent the sale, Plaintiffs forewent taking last-minute actions to prevent the foreclosure, such as filing a bankruptcy petition. Taking Plaintiffs' allegations as true, the Court finds that Plaintiffs have sufficiently stated a cause of action for actual fraud.[4] See Matanic, 2012 U.S. Dist. LEXIS 134154, at * 17-20. Therefore, Defendant's Motion to Dismiss Count Two is DENIED.

### C. Count Four: Alternative Claim of Constructive Fraud

In Virginia, the elements of a claim for constructive fraud are the same as for an action for actual fraud, but the plaintiff need only "plead that the false representation was made innocently or negligently." Sales v. Kecoughtan Housing Co., 279 Va. 475, 481 (2010). In support of their claim of constructive fraud, Plaintiffs rely on their allegation of actual fraud made in Count Two, namely that Zouren assured the Belotes that the foreclosure sale would be canceled if Defendant received specified documents before the scheduled sale. However, while these allegations sufficiently state a claim of actual

---

[4] Defendant argues that Plaintiffs' fraud claims are barred by the Economic Loss Rule, which provides that "in order to recover in tort, the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract." Augusta Mut. Ins. Co. v. Mason, 645 S.E.2d 290, 293 (2007) (internal quotations and citations omitted). However, Plaintiffs' fraud claims are not barred by the Economic Loss Rule because Defendant had no contractual duty to cancel the foreclosure sale based on the receipt of the faxed documents prior to the foreclosure sale. See Bennett, 2012 U.S. Dist. LEXIS 54725, at *27. Defendant further argues that the Statute of Frauds prohibits any attempt by Plaintiffs to base their fraud cause of action on a claim that the faxing of documents to Defendant in response to Zouren's alleged statements created an oral contract. However, Plaintiffs make no such claim, thus, the Statute of Frauds does not provide grounds for dismissal of Plaintiffs' fraud claim.

fraud, as noted above, Virginia law provides that "[u]nder no circumstances . . . will a promise of future action support a claim of constructive fraud." *SuperValu, Inc.*, 276 Va. at 368. "If unfulfilled promises, innocently or negligently made, were sufficient to support a constructive fraud claim, every breach of contract would potentially give rise to a claim of constructive fraud." *Id.* Viewing the alleged facts in the light most favorable to Plaintiffs, the Amended Complaint alleges only that Zouren promised to cancel the already scheduled foreclosure sale upon certain conditions, and does not allege that Zouren made representations as to a present or pre-existing material fact. Accordingly, Plaintiffs have not sufficiently pled a claim for constructive fraud, and Defendant's Motion to dismiss Count Four is hereby GRANTED.

### D. Count Five: Breach of Implied Covenant of Good Faith and Fair Dealing

Lastly, Plaintiffs contend that Defendant's alleged actions in Counts One, Two and Three[5] constitute breaches of an implied covenant of good faith and fair dealing. Although Plaintiffs do not elaborate any specific actions, they presumably seek to argue that the 29-day notice of default, Zouren's alleged representation that the foreclosure sale would be canceled upon Defendant's receipt of certain documents, and the subsequent sale of the property as scheduled were not acts done fairly and in good faith. "Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; *however, a breach of those duties only gives rise to a breach of contract claim, not a separate cause of action.*" *Albayero*, 2011 U.S. Dist. LEXIS 114974, at *15 (quoting *Frank Brunckhorst Co., L.L.C. v. Coastal Atlantic, Inc.*, 542 F.Supp.2d 452, 462 (E.D.

---

[5] As noted above, Plaintiffs have withdrawn Count Three. (Pl.'s Opp. Memo 16.)

Va. 2008)) (emphasis added). *See Charles E. Brauer Co. v. NationsBank of Va., N.A.*, 466 S.E.2d 382, 385 (Va. 1996) ("[T]he failure to act in good faith . . . does not amount to an independent tort.") Even if Plaintiffs *had* alleged a breach of contract claim stemming from a failure to act in good faith and fair dealing, Virginia law "does not recognize an implied covenant of good faith and fair dealing in contracts outside of those governed by the Uniform Commercial Code (U.C.C.), and the U.C.C. expressly excludes the transfer of realty from its provisions." *Harrison v. US Bank National*, No. 3:12cv224, 2012 U.S. Dist. LEXIS 85735, at *5-6 (E.D. Va. June 20, 2012) (quoting *Greenwood Assocs. Inc. v. Crestar Bank*, 448 S.E.2d 399 (1994)) (internal quotations omitted); *see* Va. Code Ann. § 8.9A-109(d)(11). For these reasons, Defendant's Motion to dismiss Count Five is hereby GRANTED.

## IV. CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART the Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 8.) Specifically, the Court GRANTS Defendant's Motion to Dismiss Counts Three, Four, and Five and DISMISSES these claims against Defendant. The Court DENIES Defendant's Motion to Dismiss with respect to Counts One and Two. Further, Defendant's Motion to Dismiss Plaintiffs' initial Complaint is hereby DENIED AS MOOT (ECF No. 2.)

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Dated: Dec 18, 2012
Richmond, Virginia